IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TAKHAR COLLECTION SERVICES LTD, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, PAMELA GRAY, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, TAKHAR COLLECTION SERVICES LTD, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. PAMELA GRAY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Dolton, County of Cook, State of Illinois.

5. TAKHAR COLLECTION SERVICES LTD, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of New York.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. In or around February 2009, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. Since its initial telephone call to Plaintiff, Defendant has initiated multiple further telephone calls to Plaintiff in an attempt to collect on a debt allegedly owed by Plaintiff.

12. Each time Defendant contacts Plaintiff, Plaintiff specifically advised Defendant that the debt on which Defendant is attempting to collect is not a debt owed by Plaintiff.

13. Defendant frequently initiates telephone calls to Plaintiff. When Plaintiff ends said telephone call, Defendant immediately initiates a follow up telephone call to Plaintiff.

14. During the courts of its telephone calls to Plaintiff, Defendant has repeatedly stated that if Plaintiff does not pay the debt she allegedly owes, Defendant will report to the credit reporting agencies the account relative to the debt allegedly owed by Plaintiff.

15. Defendant has not reported the account relative to the debt allegedly owed by Plaintiff to the credit reporting agencies.

16. Upon information and belief, Defendant has no intention of reporting the account relative to the debt allegedly owed by Plaintiff to the credit reporting agencies.

17. On or about November 17, 2009, Defendant initiated a telephone call to Plaintiff. Plaintiff reiterated to Defendant that the debt on which Defendant was attempting to collect was not a debt owed by Plaintiff and Plaintiff specifically requested that Defendant refrain from initiating further telephone calls to her. Defendant responded by stating to Plaintiff that it will continue to call her every day until the debt allegedly owed by Plaintiff is repaid.

18. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    f. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

21. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAMELA GRAY, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                      Respectfully submitted,
                                      **PAMELA GRAY**

                      By:    s/ David M. Marco
                              Attorney for Plaintiff

<u>Dated: February 6, 2010</u>

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us